**Curtis Wayne POOLE, Plaintiff,**

**v.**

**Edward MADIGAN, in his official capacity as Secretary of the United States Department of Agriculture, and Larry Jackson, in his official capacity as Commissioner of Virginia Department of Social Services, Defendants.**

**Civ. A. No. 91–0054–B.**

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

Aug. 6, 1991.

Paul G. Beers, Castlewood, Va., for plaintiff.

Thomas J. Czelusta, Richmond, Va., Julie M. Campbell, Asst. U.S. Atty., Abingdon, Va., Elizabeth F. Schmidt, Washington, D.C., for defendants.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

This action involves the interpretation of state and federal regulations implementing 7 U.S.C.A. § 2015 of the Food Stamp Act. The parties have filed cross-motions for summary judgment. This court has jurisdiction over this action pursuant to 28 U.S.C.A. § 1331.

## PROCEDURAL AND FACTUAL BACKGROUND

On November 4, 1988, plaintiff Curtis Wayne Poole ("Poole") was convicted on two counts of Food Stamp fraud in the Circuit Court of Wise County, Virginia. The court sentenced Poole to two twelve-month jail terms which were to run concurrently. The court suspended 11 months of each sentence pursuant to a plea agreement between Poole and the Commonwealth's attorney.

Almost two years later, on November 1, 1990, Poole reapplied for food stamps through the Department of Social Services ("DSS"). The Wise County office of DSS denied Poole's application for food stamps on November 6, 1990. The Wise County office also disqualified Poole from participating in the Food Stamp Program for a period of 12 months, commencing November 1, 1990.

Poole appealed his disqualification by the Wise County office to a hearing officer for DSS. On February 28, 1991, the hearing officer reduced the disqualification period to six months, but upheld the local agency's decision to commence the period of suspension on November 1, 1990.

Poole filed this action for declaratory and injunctive relief on March 25, 1991. The sole question presented in Poole's action is whether his six months disqualification period should have started running on the day he was convicted (November 4, 1988) or on the day he reapplied for food stamps and was determined income-eligible (November 1, 1990).

## ANALYSIS

As a preliminary matter, the plaintiff's motion for declaratory relief and summary judgment was filed prematurely under Rule 56(a). However, considering the fact that the defendants had ample time to respond to the plaintiff's motion and filed cross-motions for summary judgment, the court will proceed on the merits. *See* Fed. R.Civ.P. Rule 56(a), advisory committee's note, 28 U.S.C.A. (West 1982).

The Wise County office of DSS disqualified Poole from participating in the Food Stamps Program ("the Program") for six months commencing November 4, 1990, the date he reapplied for assistance, pursuant to Vol. V., Part XVII., C.4 of the *Virginia Department of Social Services Food Stamp Certification Manual ("Manual")*. Part XVII., C.4 states that an individual convicted by a court of food stamp fraud shall be ineligible to participate in the Food Stamp Program for six months for the first violation. It further states:

> If the court fails to impose a disqualification period for the fraud conviction, the local agency shall impose the disqualification penalties described in this chapter unless it is contrary to the court order....

> If the individual is not eligible for the program at the time of the disqualification period is to begin, the period shall be postponed until the individual applies for and is determined eligible for benefits.

Part XVII., C.4 of the *Manual* tracks and implements the federal regulation 7 C.F.R. § 273.16.[1]

---

**1.** ... If a court fails to impose a disqualification period for the intentional Program violation, the State agency shall impose the disqualification penalties specified in this section unless it

is contrary to the court order. *See* Section 273.16(b).

If the individual is not eligible for the Program at the time the disqualification period is to

■ Specifically, Poole interprets § 273.-16(g)(2)(ii), in conjunction with the Food Stamp Act, as requiring the commencement of the disqualification period "immediately, unless the individual is ineligible for food stamps on the conviction date, in which event the penalty period starts only when the individual reapplies for food stamps and is found eligible." *See* Plaintiff's Reply Memorandum, p. 5–6. Poole points out that the hearing officer for DSS found him to be a nonparticipant of the Program at the time of his conviction. However, the hearing officer did not expressly hold that he was ineligible to participate in the Program at the time of his conviction. Furthermore, no one presented evidence to prove his ineligibility at the time in question. Therefore, absent the determination of his ineligibility to participate in the Program, § 273.16(g)(2)(ii) does not apply to him.

■ On the other hand, the defendants direct the court's attention to the opening paragraph of § 273.16. Section 273.16(a)(1) summarizes the administrative responsibility of state agencies regarding disqualification for intentional Program violations. The last sentence of § 273.16(a)(1) provides:

> The disqualification period for nonparticipants at the time of the administrative disqualification or court decision shall be deferred until the individual applies for and is determined eligible for Program benefits.

Arguably, § 273.16, as a whole, authorizes the postponement of the disqualifica-

begin, the period shall be postponed until the individual applies for and is determined eligible for benefits. *See* Section 273.16(g)(2)(ii).

**2.** The defendants argue that § 273.16(e)(8)(iii), rather than § 273.16(g)(2)(ii), governs this issue because Poole participated in a disqualification hearing conducted by a state agency. Assuming that the defendants are correct, ineligibility also invokes the postponement of the disqualification period in § 273.16(e)(8)(iii). Therefore, § 273.16(e)(8)(iii) also does not apply to Poole.

**3.** Supreme Court in *Chevron U.S.A. v. Natural Res. Def. Council,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694, *reh. denied,* 468 U.S. 1227, 105 S.Ct. 28, 82 L.Ed.2d 921 (1984), sets out a two-prong test to review an agency's construction of a statute which it administers.

tion period in the case of ineligibility and nonparticipation. However, the term nonparticipant is only used once in the first paragraph of § 273.16. A well known canon of statutory construction states that specific statutory language overrides general statutory language. *See Wise v. Ruffin,* 914 F.2d 570, 575 (4th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1090, 112 L.Ed.2d 1194 (1991) ("[S]pecific language will not be controlled by general language when the general language is not even explicit.") Following the rule of statutory construction, the court finds ineligibility to be the controlling language of § 273.16. The use of ineligibility throughout § 273.16 strengthens this interpretation.

Section 273.16 imposes the disqualification penalty under three subsections: (e) administrative hearing, (f) waived hearing, and (g) court referrals. Under each of these subsections, ineligibility, rather than nonparticipation, invokes the postponement of the disqualification period. *See* 273.-16(e)(8)(iii), –(f)(2)(iii) and –(g)(2)(ii), respectively. The record only indicates that Poole was a nonparticipant of Program, rather than ineligible to participate, at the time his conviction. Absent the finding of Poole's ineligibility, § 273.16 and specifically § 273.16(g)(2)(ii) does not apply to Poole.[2] Consequently, Part XVII, C.4 of the *Manual* which tracks § 273.16 does not apply to Poole.

■ Because the regulations, as written, do not apply to Poole, the court need not address the regulations' validity.[3] Conse-

First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguous expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

quently, the court turns to the Food Stamp Act itself to determine when the disqualification period should commence. Section 6(b)(1) of the Food Stamp Act states:

> *Any person* who has been found by any State or Federal court or administrative agency to have intentionally (A) made a false or misleading statement, or misrepresented, concealed or withheld facts, or (B) committed any act that constitutes a violation of this chapter, the regulations issued thereunder, or any State statute, or the purpose of using, presenting, transferring, acquiring, receiving, or possessing coupons or authorization cards *shall, immediately upon the rendering of such determination, become ineligible for further participation in the program—* (emphasis added).

7 U.S.C.A. § 2015(b)(1) (West 1988).

The Congressional intent and directive of § 2015(b)(1) is clear and unambiguous. "Any person" convicted of food stamp fraud is "immediately" disqualified from the program for six months for the first violation. The court, however, may suspend participation in the Program for an additional eighteen months to run consecutive to the suspension mandated by § 2015(b)(1). *See* 7 U.S.C.A. § 2024(b)(1) (West 1988). Furthermore, Congress expressly forbids an agency to postpone the disqualification period. Section 2015 states that the ineligibility period

> shall remain in effect, *without possibility of administrative stay,* unless and until the finding upon which the ineligibility is based is subsequently reversed by a court of appropriate jurisdiction, but in no event shall the period of ineligibility be subject to review.

7 U.S.C.A. § 2015(b)(3) (West 1988).

The record is silent as to the reason why the Wise County Circuit Court did not expressly disqualify Poole from the Program for six months as mandated by the Food Stamp Act. When courts fail to impose the disqualification period, it is permissible for an agency, such as DSS, to impose the disqualification period. However, the agency's action must be consistent with the Food Stamp Act. Pursuant to the Food Stamp Act, Poole was disqualified from the Program for six months commencing on the date of his conviction, November 4, 1988. When Poole reapplied for food stamps on November 1, 1990, the mandatory disqualification period had run. Therefore, Poole, upon being found eligible, was entitled to an award of food stamps from the Wise County office of DSS.

## CONCLUSION

For reasons set forth above, the court declares the plaintiff Poole eligible for benefits provided under the Food Stamp Act. The defendants are enjoined from withholding such benefits from Poole.